**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CRAWLSPACEREPAIR.COM, LLC, a South Carolina Limited Liability Company, | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES, INJUNCTIVE AND OTHER RELIEF FOR VIOLATION OF 15 U.S.C. § 1114; 15 U.S.C. 1125(a); 15 U.S.C. 1125(c); AND RELATED CLAIMS** |
| v. | |
| DAVID WILSON, a natural person, KENNETH LEE CONWAY, JR. a natural person, GUARDIAN CRAWL SPACE COMPANY, a Delaware Corporation, DELAWARE CRAWL SPACE COMPANY, INC., a Delaware Corporation, and DRYTEK CRAWLSPACE SOLUTIONS, LLC, a Delaware Limited Liability Company, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff CrawlSpaceRepair.com, LLC by and through its attorneys, for its Complaint against Defendants David Wilson, Kenneth Lee Conway, Jr., Guardian Crawl Space Company ("GCSC"), Delaware Crawl Space Company ("DCSC"), and Drytek Crawlspace Solutions, LLC ("Drytek") in this action states as follows:

## NATURE OF THE ACTION

1.    This action for trademark infringement, false designation of origin, trademark dilution, and unfair competition and deceptive trade practices arises out of Defendants' intentional adoption and use of a brand for crawl space repair and construction services that is confusingly similar to CrawlSpaceRepair.com, LLC's famous GuardianLiner® brand for crawlspace construction, maintenance and repair products and services, all in a deliberate effort to create a false association between Defendants' and Plaintiff's competing businesses.

1

2.    Plaintiff CrawlSpaceRepair.com, LLC ("CSR" or "Plaintiff") seeks damages and injunctive and/or other relief against Defendants David Wilson, Kenneth Lee Conway, Jr., Guardian Crawl Space Company ("GCSC"), Delaware Crawl Space Company, Inc. ("DCSC") and Drytek Crawlspace Solutions, LLC ("Drytek") (collectively, "Defendants"), for trademark infringement, false designation of origin, trademark dilution, unfair competition, and other deceptive trade practices with respect to Defendants' advertising, marketing, offering for sale and selling products and services under the infringing designations GUARDIAN and GUARDIAN with helmet design, and other GUARDIAN-derived designations (the "Infringing Designations"), which are confusingly similar to the federally-registered trademarks, GUARDIANLINER® and GUARDIANLINER FOR A LIFETIME® with helmet design owned exclusively by Plaintiff.

3.    As alleged more fully below, Defendants' use of the Infringing Designations is intended to, and does, pose a likelihood of confusion as to the source, affiliation, connection, association or permission between Plaintiff and Defendants.  Plaintiff has not authorized Defendants to use the Infringing Designations in connection with Defendants' competing products and services.  Defendants' conduct has resulted in a likelihood of consumer confusion and deception, and irreparable injuries to Plaintiff and, unless addressed by this Court, Defendants' conduct will continue to do so.

## THE PARTIES

4.    Plaintiff CrawlSpaceRepair.com, LLC is a limited liability company formed under the laws of South Carolina, with its principal place of business in Greenwood, South Carolina.

2

5.     Upon information and belief, Defendant Guardian Crawl Space Company ("GCSC") is a corporation formed under the laws of Delaware with its principal place of business at 14392 Sycamore Road, Laurel, Delaware 19956, and may be served via its registered agent Kenneth Lee Conway, Jr. of the same address.

6.     Upon information and belief, Defendant Delaware Crawl Space Company, Inc. ("DCSC") is a corporation formed under the laws of Delaware with its principal place of business at 37101 Suzanne Lane, Lewes, Delaware 19958, and may be served via its registered agent David Wilson of the same address.

7.     Upon information and belief, Defendant Drytek Crawlspace Solutions, LLC ("Drytek") is a limited liability company formed under the laws of Delaware with its principal place of business at 37101 Suzanne Lane, Lewes, Delaware 19958 and may be served via its registered agent Drytek Crawlspace Solutions, LLC of the same address.

8.     Defendant David Wilson is a natural person who, upon information and belief, resides and maintains an actual place of business at 37101 Suzanne Lane, Lewes, Delaware 19958.  Upon information and belief, Defendant Wilson is an owner and controlling officer and/or director of GCSC and Drytek.  Upon information and belief, Defendant Wilson is the sole owner and controlling officer and/or director of DCSC.  Upon information and belief, Defendant Wilson personally controls DCSC's Internet website, located at delawarecrawlspacecompany.com.

9.     Defendant Kenneth Lee Conway, Jr. is a natural person who, upon information and belief, resides, and maintains an actual place of business, at 14392 Sycamore Road, Laurel, Delaware 19956.  Upon information and belief, Defendant Conway is an owner and controlling officer and/or director of GCSC and Drytek.

10.     Upon information and belief, Wilson and Conway are the sole owners and controlling managers or members of GCSC and Drytek.

11.     Upon information and belief, Defendants Conway and Wilson are each personally liable for carrying out the infringing activities alleged herein, and each personally controls, ratifies, participates in, or is the moving force behind all of GCSC actions, and each is personally liable for the infringing activities carried out by GCSC and/or on GCSC's behalf, without regard to piercing the corporate veil.

12.     Alternatively, upon information and belief, GCSC follows so few, if any, corporate formalities and is so dominated by Defendants Conway and Wilson that GCSC is merely the alter ego of Conway and Wilson.  Accordingly, Plaintiff is entitled to pierce the corporate veil of GCSC and hold Conway and Wilson personally liable for the infringing activities of GCSC.

13.     Upon information and belief Defendant Wilson is the sole owner of DCSC, and personally controls, ratifies, participates in, and/or is the moving force behind all of DCSC's actions, and is personally liable for carrying out each and every one of the infringing activities alleged herein, as well as the infringing activities carried out by DCSC and/or on DCSC's behalf, without regard to piercing the corporate veil.

14.     Alternatively, upon information and belief, DCSC follows so few, if any, corporate formalities and is so dominated by Defendant Wilson that DCSC is merely the alter ego of Wilson.  Accordingly, Plaintiff is entitled to pierce the corporate veil of DCSC and hold Wilson personally liable for the infringing activities of DCSC.

## JURISDICTION AND VENUE

15.     This is a civil action arising from Defendants' infringement of federally registered and common law trademarks that are owned exclusively by Plaintiff.  The claims alleged in this

complaint arise under federal statutes, including 15 U.S.C. § 1114, 15 U.S.C. § 1125(a), and state law.

16.    This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b). Moreover, this Court has supplemental jurisdiction for all non-federal causes of action under 28 U.S.C. § 1367, in that such claims are so related to Plaintiff's claims within the original jurisdiction of this Court that they form part of the same case or controversy.  This Court has jurisdiction to enter injunctive relief pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65.

17.    This Court has personal jurisdiction over Defendants pursuant to 28 U.S.C. § 1391 in that Defendants and/or their registered agents, at least at the time of some of the acts complained of herein, may be found in Delaware and this District, are transacting and doing business within Delaware and this District, are committing the acts complained of herein within Delaware and this District, and have otherwise directed their illegal conduct complained of herein to Delaware and this District, causing injury to Plaintiff and consumers, at least in part, in this District.

18.    Further, this Court has personal jurisdiction over the Defendants because, upon information and belief, Defendants are present and transacting business within the State of Delaware and this District, and GCSC, DCSC and Drytek are incorporated, registered and/or authorized to conduct business in the State of Delaware, and each maintains its principal place of business in this District.

19.    Upon information and belief, Defendants have advertised, promoted, offered for sale and sold their products and services bearing the Infringing Designations through offices

located at 14392 Sycamore Road, Laurel, Delaware 19956, at 37101 Suzanne Lane, Lewes, Delaware or otherwise in this District.

20.    Venue is proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District, the Defendants reside in and conduct substantial business in this District, and Plaintiff's injuries occurred, at least in part, in this District.

## STATEMENT OF THE FACTS

21.    Plaintiff is in the business of, *inter alia*, manufacturing, marketing and selling products and services related to the construction, maintenance, and repair of crawl spaces — typically, the area located beneath the first floor of a home, or under the roof.  Among the other products and services offered by Plaintiff, Plaintiff manufactures, markets and sells its proprietary GuardianLiner® product, which is an extremely durable, high quality crawl space liner and vapor barrier used to improve indoor air quality, prevent moisture buildup, and reduce the risk of mold and mildew growth.

22.    Plaintiff *inter alia* advertises, markets and sells its GuardianLiner® product, and other crawl space repair products and services, including online through the Internet, throughout the United States.

23.    Plaintiff markets and sells its products and services, including its GuardianLiner® product, to a wide variety of customers including but not limited to homeowners, homebuilders and construction contractors, as well as to Plaintiff's distributors and wholesalers.

24.    Plaintiff is the owner of the federally registered standard character trademark, GUARDIANLINER® (U.S. Reg. No. 7666067) and the federally registered stylized trademark GUARDIANLINER FOR A LIFETIME® (U.S. Reg. No. 7647197), with the 'G' formed by a stylized warrior's helm (together, the "Plaintiff's Marks"), as depicted below.

6



25.     Plaintiff is also the owner of the word marks CRAWL SPACE REPAIR and CRAWL SPACE ENCAPSULATION, and CONDITIONED CRAWL SPACE each of which Plaintiff has used in commerce respectively since at least as early as January 3, 2007, January 3, 2007 and September 1, 2022, and which are registered on the United States Patent & Trademark Office's Supplemental Register (U.S. Supp. Reg. Nos. 7290814, 7290815, & 7290816) ("Additional Marks").

26.     The Plaintiff's Marks have been in continuous use in commerce throughout the United States by Plaintiff since at least as early as April 30, 2012.

27.     Plaintiff has extensively marketed and sold products and services bearing the Plaintiff's Marks and Additional Marks in and through multiple channels of trade including, but not limited to, the Internet, training classes, post cards, print catalogs, newspapers, trade magazines, trade conferences, and sales meetings.

28.     Plaintiff has expended significant resources in advertising its products and services under the Plaintiff's Marks, which has created in the minds of consumers an association between the Plaintiff's Marks and the provider of the products and services advertised under the Plaintiff's Marks.

29.     Plaintiff's Marks are inherently distinctive and/or have acquired Secondary Meaning.

30.     Based on the federal trademark registration and common law rights, Plaintiff owns the exclusive right to use the Plaintiff's Marks in commerce in connection with the goods and services covered by the registration.

31.    Plaintiff's reputation for high quality in the crawl space construction, maintenance and repair business was achieved through years of effort and investment and is an invaluable asset.

32.    Plaintiff has spent considerable time and expense on the creation, development and enforcement of its trademarks, including the Plaintiff's Marks and Additional Marks.

### *Defendants' Infringing Activities*

33.    On information and belief, Defendants are in the business of selling crawl space construction, maintenance and repair services, in direct competition with Plaintiff.

34.    Upon information and belief, Defendants have advertised, marketed and sold their products and services, and continue to advertise, market and sell their products and services, including products and services bearing the Infringing Designations, throughout the United States on and through the Internet through their own websites, guardiancrawlspace.com and delawarecrawlspacecompany.com, as well as through other channels of trade including, but not limited to, printed newspapers, magazines, trade conferences and sales meetings.

35.    On information and belief, Defendants have been selling their products and services bearing the Infringing Designations since at least as early as May 2022.

36.    On information and belief, Defendants registered and own the domain name "guardiancrawlspace.com," and the Internet website associated with that web address.   On information and belief, Defendants intentionally registered that domain name, and use that web address, for the purpose of falsely associating themselves with Plaintiff and Plaintiff's Marks and trading off Plaintiffs' business and goodwill.

37.    Specifically, on information and belief, Defendants have used their guardiancrawlspace.com website, at least in part, as a "honeytrap" to lure customers on false

pretenses, who Defendants Wilson and Conway then divert to the other companies they own and control, including Drytek and DCSC.

38.     Defendants have had actual knowledge of Plaintiff's business and Plaintiff's Marks, including Plaintiff's GUARDIANLINER® mark since at least as early as August 2014.

39.     In fact, before forming his infringing "Guardian Crawl Space Company," and website, Defendant David Wilson, had been a long-time, repeat customer of Plaintiff, having purchased a large volume of Plaintiff's GuardianLiner® products, and other products and services, from Plaintiff approximately seventeen (17) times between August 1, 2014 and November 1, 2022.

40.     Upon information and belief, Defendant David Wilson made such purchases on behalf of himself, personally, and on behalf of his contracting businesses including but not limited to DCSC.

41.     Upon information and belief, Defendant Wilson placed his last purchase of GuardianLiner® products from Plaintiff on November 1, 2022, with directions to ship to Wilson at "Delaware Crawl Space Company" at 37101 Suzanne Lane, Lewes, Delaware.

42.     Until approximately March 2025, Plaintiff was not aware that Defendant Wilson or Defendant Conway were using the Infringing Designations, or that they had formed a company confusingly and misleadingly called "Guardian Crawl Space Company."

43.     In and around March 2025, Plaintiff first discovered Defendants' infringing use of the Infringing Designations, on Defendants' website, in connection with their crawl space repair business.

44.    In particular, Plaintiff discovered that Defendants were using an image of a stylized Greco-Roman helmet in profile, along with the word "Guardian," as depicted below:



45.    This designation is strikingly similar to Plaintiff's Marks and, in particular, Plaintiff's federally registered GUARDIANLINER FOR A LIFETIME® Mark:



46.    By letter dated March 25, 2025 ("March 2025 Demand Letter") Plaintiff, through counsel, notified Defendants that Plaintiff owned Plaintiff's Marks, and that that Defendants' advertising, marketing and sales of products and services bearing the Infringing Designations infringed on Plaintiff's Marks and were likely to cause consumer confusion.  Plaintiff demanded that Defendants cease and desist their infringing activities.

47.    On information and belief, Defendants received Plaintiff's March 2025 Demand Letter.  On or about April 1, 2025, Defendant Wilson called Plaintiff's offices and acknowledged, among other things, that Defendant Wilson had formed Guardian Crawl Space Company with his partner, Defendant Conway.  Defendant Wilson also told Plaintiff that he was using GCSC's website to generate leads for his other companies, including upon information and belief, DCSC and Drytek.

48.     On or about July 19, 2025, Plaintiff discovered that Defendants Wilson and Conway had created and named their "Guardian Crawl Space Company" on or about May 16, 2022, very shortly after Defendant David Wilson had made a purchase from Plaintiff of 90 rolls of Plaintiff's GuardianLiner® product on April 27, 2022.   Upon information and belief, Defendants Wilson and Conway began operating GCSC's website around the same time.

49.     Upon information and belief, Defendants made efforts to conceal from Plaintiff the fact that they had formed the infringing "Guardian Crawl Space Company."   For example, as alleged above, many months after the formation of GCSC, Defendant Wilson placed an order for GuardianLiner® products from Plaintiff on November 1, 2022, but directed that shipment be made to "Delaware Crawl Space Company."   Upon information and belief, Defendants did so intentionally to conceal from Plaintiff that they were using the Infringing Designations in connection with their crawl space repair services business.

50.     By letter dated July 25, 2025, Plaintiff sent a letter to Defendants (the "July 25, 2025 C&D Letter") reiterating that Defendants owned the federally-registered Plaintiff's Marks, demanding that Defendants immediately and totally remove any and all use of the Infringing Designations, and any other GUARDIAN-formative marks generally, and demanding restitution and relief commensurate to Defendants' willful and open violation of Plaintiff's intellectual property rights.

51.     On information and belief, Defendants received Plaintiff's July 25, 2025 C&D Letter.

52.     On August 1, 2025, Defendants, through counsel, sent a letter to Plaintiff's counsel purporting to respond to the July 25, 2025 C&D Letter.

53.     In their counsel's August 1, 2025 Letter Defendants, among other things, blithely admitted that Defendants were using the Infringing Designations intentionally to falsely associate themselves with Plaintiff's business, to trade on Plaintiff's goodwill and confuse consumers.  Specifically, Defendants admitted that they were using their infringing "Helmet Mark" in particular, in connection, with their "providing crawlspace encapsulation services where [Plaintiff's] Guardianliner was installed."

54.     In addition, Defendants Wilson and DCSC have also been using the Infringing Designations on DCSC's website intentionally to falsely associate themselves with Plaintiff's business, to trade on Plaintiff's goodwill, and confuse consumers.  For example, DSCS's website falsely and/or misleadingly advertises that it is selling "Guardian Liner" and "Commercial Grade Guardian Vapor Barrier."  Upon information and belief, the products "Guardian Liner" and "Guardian Vapor Barrier" do not exist.  Further, upon information and belief, DCSC does not sell Plaintiff's product which is called GuardianLiner®, and DCSC has not purchased GuardianLiner® product since November 2022.

55.     On information and belief, despite the fact that Defendants had admittedly received actual notice by the Demand and C&D Letters and other communications with Plaintiff and Plaintiff's counsel, that Defendants' advertising, marketing and sales of products and services bearing the Infringing Designations, infringed on Plaintiff's federally-registered trademarks and intellectual property rights, Defendants continued and continue to advertise, market and sell products and services bearing the Infringing Designations.

56.     Upon information and belief, as of the date of this Complaint, Defendants continue to advertise, market and sell their competing crawl space products and services bearing the Infringing Designations.

## COUNT ONE
### (Federal Trademark Infringement under 15 U.S.C. § 1114

57.     Plaintiff incorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

58.     Defendants, without authorization from Plaintiff, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, Plaintiff's federally-registered Plaintiff's Marks in connection with the promotion, advertisement, distribution, sale and/or offering for sale of identical or substantially indistinguishable goods and services that compete with those of Plaintiff or which are within the normal zone of expansion of such goods and services.

59.     Defendants' use of Defendants' Infringing Designations cause a likelihood of consumer confusion, mistake and deception with Plaintiff's Marks and constitutes an infringing use of Plaintiff's registered Plaintiff's Marks in violation of 15 U.S.C. § 1114.

60.     Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in Plaintiff's Marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

61.     Defendants' conduct has caused and is causing immediate and irreparable harm and injury to Plaintiff, and to Plaintiff's goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

62.     Plaintiff has no adequate remedy at law.  An award of monetary damages alone cannot fully compensate Plaintiff for its injuries.

63.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and

cost of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §1116 and 1117, together with prejudgment and post-judgment interest.

## COUNT TWO

### (Infringement of Trademark and Unfair Competition, 15 U.S.C. § 1125(a))

64.     Plaintiff incorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

65.     The acts of the Defendants complained of herein constitute trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §1125(a)(1)(A). Defendants use of the Infringing Designations tends falsely to associate in the mind of the public the services and products of Defendants with the high-quality products and services of Plaintiff, and tends to describe falsely, represent and designate that Defendants and their products and services in some manner enjoy the sponsorship of or approval by Plaintiff, or some manner of association with Plaintiff, to the damage of Plaintiff.

66.     Plaintiff's goodwill is of substantial and increasing value.  Plaintiff is suffering and will continue to suffer irreparable harm if Defendants' trademark infringement and unfair competition as to Defendants' Infringing Designations are permitted to continue.

67.     Defendants' conduct has caused and is causing immediate and irreparable harm and injury to Plaintiff, and to Plaintiff's goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

68.     The acts of Defendants are willful, deliberate and done with knowledge of Plaintiff's rights and other legitimate interests, and with intent and/or knowledge that their actions are likely to confuse, mislead and deceive the public.

69.     Plaintiff has no adequate remedy at law.  An award of monetary damages alone cannot fully compensate Plaintiff for its injuries.

14

70.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and cost of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §1116 and 1117, together with prejudgment and post-judgment interest.

## COUNT THREE

### (False Designation of Origin and Passing Off in Commerce, 15 U.S.C. § 1125(a))

71.    Plaintiff incorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

72.    Defendants' actions as alleged herein are likely to cause confusion, mistake or deception as to the source or affiliation of Defendants' goods and/or services.

73.    Defendants' unauthorized use of their Infringing Designations falsely indicates to consumers that Defendants or their agents are connected with, sponsored, endorsed, authorized, or approved by, or affiliated with, Plaintiff, or that Plaintiff is connected with, sponsored, endorsed, authorized, or approved by or affiliated with Defendants.

74.    Defendants' unauthorized use of their Infringing Designation allows Defendants to receive the benefit of Plaintiff's goodwill, which Plaintiff has established at great labor and expense, and allows Defendants to gain acceptance of their goods and/or services, based not on their own qualities, but on the reputation, investment, hard work, reputation, and goodwill of Plaintiff.

75.    The acts of Defendants are willful, deliberate and done with knowledge of Plaintiff's rights and other legitimate interests, and with intent and/or knowledge that their actions are likely to confuse, mislead and deceive the public.

76.    Defendants' acts constitute a false designation of origin and passing off in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

77.    Defendants' conduct has caused and is causing immediate and irreparable harm and injury to Plaintiff, and to Plaintiff's goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

78.    Plaintiff has no adequate remedy at law.  An award of monetary damages alone cannot fully compensate Plaintiff for its injuries.

79.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and cost of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §1116 and 1117, together with prejudgment and post-judgment interest.

## COUNT FOUR

### (Federal Trademark Dilution, 15 U.S.C. § 1125(c)

80.    Plaintiff incorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

81.    Plaintiff is the exclusive owner of the Plaintiff's Marks.  To enhance its rights further, Plaintiff obtained federal registrations for the Plaintiff's Marks.

82.    The Plaintiff's Marks are all distinctive marks that have been in use for many years and play a prominent role in Plaintiff's marketing, advertising, and the popularity of its goods and services.

83.    The Plaintiff's Marks have gained widespread publicity and public recognition throughout the United States.

84.    Each of the Plaintiff's Marks is famous and distinctive within the meaning of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(c), and had become famous prior to Defendants' first use of confusingly similar imitations of the Plaintiff's Marks.

85.     Defendants are using confusingly similar imitations of the Plaintiff's Marks in commerce.

86.     Defendants' use in commerce of confusingly similar imitations of the Plaintiff's Marks dilutes, and/or is likely to dilute the distinctive quality of the famous Plaintiff's Marks and lessens the capacity of those marks to identify and distinguish Plaintiff's goods and services.

87.     Defendants' use in commerce of the confusingly similar and dilutive Infringing Designations harms, and/or is likely to harm the reputation of the Plaintiff's Marks due to the difference in the nature and quality of the goods and services offered by Plaintiff compared to those offered by Defendants.

88.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been, is now, and will be irreparably injured and damaged by Defendants' aforementioned acts, and unless Defendants are enjoined by the Court, Plaintiff will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which Plaintiff has no adequate remedy at law.

89.     On information and belief, Defendants have acted willfully to usurp Plaintiff's rights and should be held liable for enhanced damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a), and Defendants' profits due to the infringement.

## COUNT FIVE

### (Trademark Infringement and Unfair Competition in Violation of Common Law)

90.     Plaintiff incorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

91.     The acts and omissions of Defendants complained of herein constitutes trademark infringement, passing off, unprivileged imitation, and unfair competition in violation of common law.

92.    Plaintiff have been and will continue to be injured as a direct and proximate result of Defendants' unlawful and unauthorized practices.  Further, Defendants' wrongful practices have a tendency to deceive and actually have deceived customers and potential customers.

93.    The acts of Defendants are willful, deliberate and done with knowledge of Plaintiff's rights and other legitimate interests, and with intent and/or knowledge that their actions are likely to confuse, mislead and deceive the public.

94.    Unless the foregoing alleged actions of Defendants are enjoined, Plaintiff will suffer damage and injury.

95.    The injuries to Plaintiff are and continue to be ongoing and irreparable.    An award of damages alone cannot fully compensate Plaintiff for its injuries, and Plaintiff lacks an adequate remedy at law.

6.    Plaintiff is entitled to an award of damages and injunctive relief against Defendants, as well as other remedies available under common law, including, but not limited to, costs and reasonable attorneys' fees.

## COUNT SIX

### (Delaware Deceptive Trade Practices, 6 Del Code § 2532 et seq.)

96.    Plaintiff incorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

97.    6 *Del. C.* §2532(a) of the Delaware Deceptive Trade Practices Act ("DTPA") provides: (a) A person engages in a deceptive trade practice when, in the course of a business, vocation, or occupation, that person: (1) Passes off goods or services as those of another; (2) Causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; (3) Causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another.

18

98.     Plaintiff is the exclusive owner of the Plaintiff's Marks and Additional Marks. To enhance its rights further, Plaintiff has obtained federal registrations for the Plaintiff's Marks on the principal register and for the Additional Marks on the Supplemental Register.

99.     Plaintiff's Marks are valid and subsisting trademarks in full force and effect.

100.    Defendants willfully and knowingly used, and continue to use, the Infringing Designations and other designations, which are identical to and/or confusingly similar to Plaintiff's Marks and Additional Marks, in interstate commerce for the purpose of advertising, promoting, and selling products and services that compete with Plaintiff's products and services.

101.    Defendants' deliberate and willful use of their Infringing Designations misrepresents the nature, characteristics, qualities, and origin of Defendants' products and services because it falsely suggests that Defendants' products and services are sourced, authorized, sponsored, or approved by Plaintiff, or otherwise associated with Plaintiff, when they are not.

102.    Defendants' deliberate and willful use of their Infringing Designations is likely to confuse confusion, cause mistake or deceive because it suggests that the products and services offered by Defendants are sponsored, authorized by Plaintiff, or otherwise connected with Plaintiff, when they are not.

103.    Defendants' use of their Infringing Designations constitutes a deceptive trade practice under the Delaware Deceptive Trade Practices Act.

104.    Defendants' use of the Infringing Designations has adversely impacted, and will continue to adversely impact, the public interest by deceiving consumers into believing that the products and services offered by Defendants are sourced, sponsored, authorized by Plaintiff, or otherwise associated with Plaintiff, when they are not.

105.    As a result of Defendants' unlawful actions, Plaintiff has suffered, and continues to suffer, irreparable harm.   Plaintiff has also suffered, and continues to suffer, damages, including loss of business, goodwill, reputation, and profits, in an amount to be proven at trial.

106.    Plaintiff is entitled to injunctive relief, as well as reasonable attorney's fees and costs along with treble damages pursuant to §§ 2533(b), (c) of the Deceptive Trade Practices Act.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff request that this Court enter judgment:

1. In favor of Plaintiff and against Defendants on all of Plaintiff's claims

2. To permanently enjoin and restrain Defendants and their agents, partners, affiliates, servants, employees, attorneys, successors, representatives, assigns, and all others in concert, privity, or participation with them from the action complained of herein, including, but not limited to

    a. Distributing, providing, selling, marketing, advertising, promoting, or authorizing any third party to distribute, provide, sell, market, advertise or promote any goods or services bearing Defendants' Infringing Designation or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Marks;

    b. Engaging in any activity that infringes Plaintiff's rights in the Plaintiff's Marks;

    c. Engaging in any activity constituting unfair competition with Plaintiff;

    d. Using or authorizing any third party to use in connection with any business, goods or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so.

20

3. Directing Defendants to immediately cease all display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating Defendants' Infringing Designations or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Marks, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendants' goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing Defendants' Infringing Designations or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Marks, and to immediately remove them from public access and view;

4. Requiring Defendants, in accordance with 15 U.S.C. § 1118, to deliver to Plaintiff's counsel or agent for destruction all labels, signs, prints, packages, bottles, receptacles, containers, products, clothing, advertisements, and any other object or tangible thing in Defendants' possession or control bearing Plaintiff's Marks and any colorable imitation thereof (including Defendants' Infringing Designation) in connection with crawl space repair products and services, and/or any other related goods and services;

5. Requiring Defendants to transfer to Plaintiff all of Defendants' right, title and interest in the domain name, guardiancrawlspace.com.

6. Requiring Defendants, in accordance with 15 U.S.C. § 1116(a), to file with the Court, and

serve upon Plaintiff's counsel within thirty (30) days after the entry and service on

Defendants of an injunction, a report in writing, and under oath, setting forth in detail the

manner and form in which Defendants have complied with the terms of such injunction;

7. Awarding Plaintiff treble damages in accordance with the Delaware DTPA.

8. Directing that Defendants account to and pay to Plaintiff all profits realized by their

   wrongful acts in accordance with 15 U.S.C. § 1117(a), enhanced as appropriate to

   compensate Plaintiff for the damages caused thereby;

9. Awarding Plaintiff its reasonable attorneys' fees, costs, and expenses pursuant to 35

   U.S.C. § 285, 15 U.S.C. § 1117(a), the Delaware DTPA, and/or other applicable law;

10. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the

    foregoing sums at the maximum rate allowable by law; and

11. Granting to Plaintiff such other relief as the Court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.


Respectfully submitted,

OFFIT KURMAN P.A.

By: */s/ Thomas H. Kramer*
Thomas H. Kramer (DE # 6171)
222 Delaware Avenue
Suite 1105
Wilmington, DE 19801
Phone: (302) 351-0908
Email: tom.kramer@offitkurman.com

Dated: September 16, 2025          *Attorneys for Plaintiff CrawlSpaceRepair.com, LLC*

4933-1219-0057, v. 1